AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | MIDDLE |
|---|---|---|
| Name: JOE KING | Prisoner No. CZ-9499 | Case No. 1173-CD-1995 |

Place of Confinement: SCI-WAYMART  P.O. Box 256, Waymart, Pennsylvania, 18472

Name of Petitioner (include name under which convicted): JOE KING

Name of Respondent (authorized person having custody of petitioner): V. RAYMOND COLLERAN, SUPERINTENDENT

The Attorney General of the State of: PENNSYLVANIA

*[Stamp: 3:CV00-1389]*

*[Stamp: FILED SCRANTON AUG 07 2000 PER ___ DEPUTY CLERK]*

## PETITION

1. Name and location of court which entered the judgment of conviction under attack ___ PLEAS OF DAUPHIN COUNTY PENNSYLVANIA

2. Date of judgment of conviction ___ March 12, 1996

3. Length of sentence ___ Eight years to Twenty years

4. Nature of offense involved (all counts) ___ Aggravated Assault

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

BRIEF

1. Petitioner avers that the issues involved in this instant case are of the violations of Pennsylvania Rules of Criminal Procedure, Rule 1100, which is a clear and concise reading on the time the defendant must be brought to trial in any case, the rule states in Rule 1100 (e) that:

> "NO DEFENDANT SHALL BE HELD IN PRE-TRIAL INCARCERATION ON A GIVEN CASE FOR A PERIOD EXCEEDING 180 DAYS EXCLUDING TIME DESCRIBED IN SUBSECTION (c) ABOVE. ANY DEFENDANT HELD IN EXCESS OF 180 DAYS IS ENTITLED UPON PETITION TO IMMEDIATE RELEASE ON NOMINAL BAIL."

Petitioner avers that this instant case involves the violation of the speedy trial rules by even excluding the time computated by the District Attorney's Office, when in the District Attorney's own computations the rule was violated by 123 Days, instead of the stated 303 days, leaving 203 days, as per the District Attorney's own admission, therefore the violation was done by on a less granddiose scale, further the time excluded by the District Attorney's Office still does not amount to the demands of the United States Constitution where the 180 days are set for trial when the defendant is incarcerated, which means the Commonwealth did not follow the time required by Rule 1100, and the admission held in the **COMMONWEALTH'S ANSWER TO THE SUPPLEMENTAL PETITION UNDER THE POST CONVISTION RELIEF ACT**, is erroneous and was used as a tool to gain a denial of relief to the petitioner by devious means. (see page 6 of C.A.T.T.S.P.).

2. Petitioner avers that counsel ( Michael E. Duda) was ineffective and violated the Due Process demands in the petitioner's cause, in his failure to file a Motion on the violation of Rule 1100, which was not waived by the petitioner. Petitioner further avers that while the passing of time beyond the mandated 180 days seems to hold no importance to the District Attorney of Dauphin County, Pennsylvania, nor the Court of Common Pleas of said County, it does violate the Demands and Guarantees of the United States Constitution and is ongoing as no violation of rights can be corrected without due process of law being followed, if the violation of the speedy trial rules mean so little to the Court of Common Pleas of Dauphin County, and the District

Attorney's Office find that it is just a little infraction that should not be counted then the alleged crime should be considered in a different light also, it was just a friendly arguement as opposed to an assault, because no one died and no one was really hurt, and the act of self protection is just a little illegal compared to murder. Petitioner was incarcerated over the 180 days required to bring him to trial, the Commonwealth did violate their own speedy trial rules, and in this violation denied the petitioner Guaranteed Rights afforded by the United States Constitution.

3. Petitioner avers that the counsel failed to appeal under this rule, and further denied the petitioner Rights afforded by the law and constitutions, in failing to preserve the issues at hand, thereby denying basic and guaranteed rights to the petitioner further holding in an illegal incarceration against the Demands of the United States Constitution under The Sixth Amendment which Guarantees:

> "IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY OF THE STATE AND DISTRICT WHEREIN THE CRIME SHALL HAVE BEEN COMMITTED, WHICH DISTRICT SHALL HAVE BEEN PREVIOUSLY ASCERTAINED BY LAW, AND TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION; TO BE CONFRONTED WITH WITNESSES AGAINST HIM; TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR, AND TO HAVE ASSISTANCE OF COUNSEL FOR HIS DEFENCE."

4. Petitioner avers that in this instant case the presiding Judge (Kleinfelter) did have a conflict of interest in this instant case as he was the prosecutor in two prior trials where petitioner was the defendant, by Federal standards the findings of U.S. V. Devine, 943 F2d 1325 (5th Cir. 1991) and Liljerberg V. health Service Corporation, 486 U.S. 847, 100 LEd2d 855, 108 S.Ct. 2194 (1988) which states:

> "1) THE JUDGES IMPARTIALITY MIGHT HAVE BEEN REASONABLY QUESTIONED- 28 USCA § 455 (a).
> ALSO SEE 28 USCA § 144.
> 2) JUDGE IS REQUIRED TO DISQUALIFY HIMSELF IS A REASONABLE PERSON WOULD HAVE A RATIONAL BASIS FOR QUESTIONING HIS IMPARTIALITY; HOWEVER, NATURE OF BIAS MUST

BE PERSONAL AND NOT JUDICIAL."

Petitioner avers that the Judge in this instant case should have by rights have recused himself from this instant case, as held in Cartalino V. Washington, 122 F3d 8 (7th Cir. 1997) which states:

1) CRIMINAL DEFENDANT HAS FEDERAL CONSTITUTIONAL RIGHT TO BE TRIED BEFORE IMPARTIAL JUDGE.

2) BRIBED JUDGE IS DEEMED PARTIAL WHATEVER FACT OF THE MATTER MAY BE."

Wherefore the above stated reasons, and in the interest of justice the Petitioner Prays this Honorable Court Grant the prayer of this writ in accordance with the Guarantees and Demands of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania, and existing laws.

Respectfully submitted;

Joe King

Joe King, CZ-9499
P. O. Box 256
Waymart, Pa. 18472

Dated: 7-12 2000.

## PROOF OF SERVICE

I, the undersigned, verify that I have served a copy of this petition and any attachments thereof by U.S. mail to the following parties at the below listed addresses:

United States District Court
Middle District of Pennsylvania
Federal Building
Harrisburg, PA 17108

Raymond Colleran
Superintendent
S.C.I. Waymart
P.O. Box 256
RR #6
Waymart, PA 18472

Office of the Attorney General
Attorney General: Mike Fisher
16th Floor, Strawberry Square
Harrisburg, PA 17120

Respectfully submitted,

Dated: 7-17-2000

*Jae King*

S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256