(3)
8-14-00
m.A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOE KING,** | **CIVIL ACTION NO. 1:CV-00-1389** |
| Petitioner | |
| v. | **FILED**<br>HARRISBURG, PA |
| **RAYMOND COLLERAN,**<br>**Superintendent; and ATTORNEY**<br>**GENERAL OF PENNSYLVANIA,** | **AUG 1 4 2000** |
| Respondents | MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

## MEMORANDUM and ORDER

I.      **Background**

Joe King, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania, ("SCI-Waymart"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 11, 2000. Petitioner also filed an application to proceed in forma pauperis. Named as Respondents are SCI-Waymart Superintendent Raymond Colleran, and the Attorney General of Pennsylvania.

King states that the date of judgment of his conviction for aggravated assault was March 12, 1996 and the length of his sentence is eight to twenty years. The only other information submitted concerning King's state court criminal proceedings is that he indicates that he appealed the judgment of conviction; however, King does not state when he appealed the conviction, to what level he appealed, or the outcome of any such appeals.

## II.         **Discussion**

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court.  28 U.S.C. §§ 2254(b), (c); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993); Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986).[1]  Title 28 U.S.C. § 2254(b), provides inter alia:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the state, through counsel, expressly waives the requirement.

28 U.S.C. § 2254(b).

The exhaustion requirement "is not a mere formality.  It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights."  Gibson, 805 F.2d at 138.  Exhaustion is not complete unless the trial court, a

---

[1] Exceptions to the exhaustion requirement are made when:  (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state official have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994).

2

state intermediate appellate court, and the highest state court have been presented with the substance of petitioner's claims.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992).  In addition to a direct appeal, a Pennsylvania state prisoner may seek collateral relief pursuant to the Post Conviction Relief Act ("P.C.R.A."), 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (West Supp. 1997).  "[The] P.C.R.A. permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).  Thus, to fulfill the exhaustion requirement, claims may be presented to the state courts directly on appeal from the judgment of conviction and sentence, or through a collateral proceeding under the P.C.R.A.  See Evans, 959 F.2d at 1230-31; Swanger v. Zimmerman, 750 F.2d 291,  295 (3d Cir. 1984).  A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement.  See Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985).

A review of the record does not indicate whether King has either filed a direct appeal from his conviction to Pennsylvania's Superior Court, or sought collateral relief via a P.C.R.A. petition.  (See Petition).[2]  Likewise, King has not demonstrated that "there is an absence of State corrective process," or that "circumstances exist that render such process ineffective to protect [his] rights."  28

---

[2] It appears that King has submitted only one page of the § 2254 petition form that consists of several pages.  The additional pages contain questions concerning exhaustion of state remedies.  The court will direct the clerk of court to attach a copy of the entire § 2254 petition form which King must completely fill out and submit to the court demonstrating exhaustion of state remedies.

3

U.S.C. § 2254(b)(1)(B)(i)-(ii).  "[I]f a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(i) and (ii) applies."  <u>Lambert v. Blackwell</u> , 134 F.3d 506, 515 (3d Cir. 1997) <u>as</u> amended (Jan. 16, 1998).  From the record, the court cannot discover whether any Pennsylvania state appellate court has been afforded the opportunity to review King's allegations, and the court finds that the administration of justice would be best served by insisting on complete exhaustion.  <u>See</u> <u>Peoples v. Fulcomer</u>, 882 F.2d 831, 832 (3d Cir. 1989); <u>Duarte v. Hershberger</u>, 947 F. Supp. 146, 149-50 (D.N.J. 1996).

For the foregoing reasons, the petition will be dismissed for failure of King to fully exhaust his state remedies, unless he amends his habeas petition to demonstrate that state remedies have been exhausted.

## III.     <u>Order</u>

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1.     Petitioner is directed to amend his petition for writ of habeas corpus and demonstrate exhaustion of state remedies no later than September 15, 2000;

2.     If Petitioner fails to submit an amended petition for writ of habeas corpus by September 15, 2000 that demonstrates exhaustion of state remedies, then the instant petition for writ of habeas corpus will be dismissed without prejudice for failure to exhaust state remedies, pursuant to 28 U.S.C. § 2254(b)(1)(A).

3.   The clerk of court is directed to attach a petition form under 28 U.S.C. § 2254 for Petitioner to fill out completely and submit to the court.

SYLVIA H. RAMBO
United States District Judge

Dated: August  14 , 2000.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 14, 2000

Re:  1:00-cv-01389   King v. Attorney General of


True and correct copies of the attached were mailed by the clerk
to the following:

        Joe King
        SCI-WAYMART
        CZ-9499                    w/ 2254 Form
        P.O. Box 256
        Route 6
        Waymart, PA  18472-0256


cc:
Judge                        ( ✓
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen   ( )   PA Atty Gen ( )
                                      DA of County  ( )   Respondents ( )

Bankruptcy Court             ( )
Other_____         ( )

                                        MARY E. D'ANDREA, Clerk


DATE: ___8-14-00___                 BY: _____
                                        Deputy Clerk