PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

UNITED STATES DISTRICT COURT           :           MIDDLE DISTRICT
                                       :

JOE KING    :    CZ-9499    :    NO:1:CV-00-1389

PLACE OF CONFINEMENT: SCI-WAYMART, P.O. BOX 256, WAYMART, PA. 18472

JOE KING, PETITIONER           VS.   RAYMOND COLLERAN, RESPONDENT

THE ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA

FILED
HARRISBURG, PA
SEP 28 2000
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

PETITION

1. name and location of court which entered the judgment of conviction under attack <u>Court of Common Pleas of Dauphin County, Pennsylvania</u>

2. Date of judgment of conviction <u>March 12, 1996</u>

3. Length of sentence <u>eight (8) to twenty (20) years</u>

4. Nature of offense involved (all Counts) <u>aggravated assault</u>

5. What was your plea? <u>not guilty</u>

6. If you pleaded not guilty, what kind of trial did you have? <u>(a) Jury</u>

7. Did you testify at trial? <u>yes</u>

8. Did you appeal from judgment of conviction? <u>Yes</u>

(2)

9. if you did appeal answer the following:
   (a) name of court <u>Court of Common Pleas of Dauphin County Pennsylvania</u>
   (b) Result <u>Denied as untimely filed Post Conviction Relief Act Petition</u>
   (c) Date of result <u>July 16,1999, DKT NO: 1173 CD 1995</u>
10. appealed to the Pennsylvania Superior Court, Docket Number 1301 MDA 1999 Result Affirmed Judgment of Lower Court on April 27, 2000.
11. Petition for Allowance of Appeal filed May 19, 2000 to the Supreme Court of Pennsylvania Docket Number 364 MAL 2000.
    Result Affirmed on August 22, 2000.

IN THE COURT OF COMMON PLEAS OF
DAUPHIN COUNTY--CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CRIMINAL |
| VS. | : | ACTION NO. 1173 C.D. 1995 |
| JOHN FLEMMING, a/k/a JOE KING | : | |

AMENDED PETITION IN SUPPORT OF THE
SUPPLEMENTAL (PCRA) PETITION, PUR-
SUANT TO PA. 42 C.S.A. §§ 9541-9551

**TO: THE HONORABLE JOSEPH H. KLEINFELTER, JUDGE OF SAID COURT:**

**AND NOW,** COMES PETITIONER, JOHN FLEMMING, PRO SE, THROUGH AND BY HIS ATTORN[EY] FRANCIS SOCHA, ESQUIRE, WHO RESPECTFULLY REQUSET THAT THIS HONORABLE COURT GRANT PETITIONER HIS FIRST RIGHTS OF APPEAL AND A REVIEW OF THE FOLLOWING [ISSUES] HEREIN, FOR THE FOLLOWING REASONS;

WITHIN THIS AMENDED PETITION, PETITIONER WILL SHOW CAUSE WHY HIS DIRECT [APP-]EAL TO SUPERIOR COURT WAS NOT FILED IN THIS CASE AT ALL AFTER THE CONVICTIO[N.] PETITIONER WILL SHOW CAUSE TO THIS HONORABLE COURT EXACTLY WHY A TIMELY (PC[RA]) PETITION WAS NOT FILED IN THIS CASE, AND FINALLY, PETITIONER WILL SHOW CAUS[E] WHY IT IS PARAMOUNT FOR THIS HONORABLE COURT TO GRANT HIM THE RIGHT TO PROC[EED] WITH HIS AMENDED PETITION AND PETITION TO THIS COURT FOR THE PURPOSE OF A R[E-]VIEW OF THE CONSTITUTIONAL ISSUES SET FORTH IN THIS PETITION.

**(STATEMENT OF FACT)**

ON THE SAME DAY OF PETITIONER'S CONVICTION, MARCH 12, 1996, PETITIONER R[E-]QUESTED TO COUNSEL FOR DEFENSE, MICHAEL E. DUDA, ESQUIRE, TO FILE A DIRECT [APP-]EAL TO SUPERIOR COURT OF PENNSYLVANIA ON THE ISSUES SET FORTH IN THIS PETIT[ION] WHICH IS NOT HIND-SIGHT ISSUES, NOR ARE THEY FRIVOLOUS ISSUES, BUT ISSUES, [IF] ACTED UPON BY COUNSEL DOING THE TRIAL, COULD HAVE RENDERED A DISMISSAL OR L[ES-]SER CHARGE THAN AGGRAVATED ASSAULT, BUT AFTER THE CONVICTION, COUNSEL ASSUR[ED] PETITIONER THAT HE HAD FILED A DIRECT APPEAL TO SUPERIOR COURT AND HE WOULD [FILE] TIMELY BRIEFS AS ORDERED BY THE COURT.

ABOUT TWO MONTHS LATER, AFTER PETITIONER WAS INCARCERATED AND SERVING TH[E IM-]POSED SENTENCE, HE CONTACTED COUNSEL, MR. DUDA, BY PHONE, TO FIND OUT THE S[TATUS] ON THE DIRECT APPEAL THAT HE CLAIMED HE HAD FILED AFTER THE CONVICTION. MR. [DUDA] AGAIN ASSURED PETITIONER THAT HE HAD INFACT FILED SAID APPEAL AND BRIEFS TO [SUP-]ERIOR COURT ON PETITIONER'S BEHALF. COUNSEL INDICATING THAT IT WOULD TAKE A[BOUT] 8 MONTHS TO GET A RULING FROM SUPERIOR COURT.

ABOUT 10 MONTHS AFTER PETITIONER WAS INCARCERATED, HE AGAIN TRIED TO CO[NTACT] COUNSEL, MR. DUDA BY PHONE, BECAUSE PETITIONER HAD NOT HEARD ANYTHING FROM [SUP]ERIOR COURT, NOR HAD HE HEARD ANYTHING FROM COUNSEL, COUNSEL WAS NOT IN HI[S] OFFICE.

AROUND THE LAST OF APRIL 1997, (ONE YEAR AFTER BEING INCARCERATED) PETI[TIONER] AGAIN CONTACTED COUNSEL, MR. DUDA, BY PHONE, INQUIRING ABOUT THE STATUS OF [THE] ALLEGED DIRECT APPEAL HE CLAIMED THAT HE HAD FILED TO SUPERIOR COURT. THIS [WAS] THE THIRD TIME THAT MR. DUDA HAD ASSURED PETITIONER THAT AN APPEAL AND BRI[EFS] HAD BEEN FILE BY HIM TO SUPERIOR COURT, AND WAS PENDING.

IT WAS SOMETIME IN MAY 1998, THAT PETITIONER NO LONGER BELIEVED MR. DUD[A'S] CLAIM, THAT HE HAD FILED A DIRECT APPEAL AND BRIEFS TO SUPERIOR COURT. IT [WAS] AT THAT TIME THAT PETITIONER WROTE, REQUESTED FROM THE CLERK OF COURT THE [DOCKET] FROM HIS CASE, AS TO WHAT HAD BEEN FILED IN HIS BEHALF SINCE THE CONVICTION[,] THERE WAS NO ENTRY MADE ON THE DOCKET TO SUPPORT MR. DUDA CLAIM THAT HE HA[D FIL]ED A DIRECT APPEAL AND BRIEFS TO SUPERIOR COURT, INFACT NO APPEAL OR BRIEF[S WERE] FILED.

AT THIS TIME IN 1998, THE FILING OF A DIRECT APPEAL TO SUPERIOR COURT HA[D] EXPIRED, MOREOVER, THE TIME ALLOWED TO FILE A TIMELY (PCRA) PETITION TO TH[E] COURT OF COMMON PLEAS HAD ALSO EXPIRED. COUNSEL'S KNOWINGLY FALSIFICATION [AND] DECEPTION TO PETITIONER DENIED PETITIONER HIS FIRST RIGHT OF APPEAL AT THE [APP]ELLATE LEVEL, INVIOLATION OF DUE PROCESS, OBSTRUCTING PROCEDURAL DUE PROCES[S,] U.S.C.A. CONST. AMENDS. 6,14.

THJS HONORABLE COURT MUST AGREE THAT COUNSEL'S DECEPTION AND DELIBERATE [FAB]RICATION THAT HE HAD FILED THE SAID DIRECT APPEAL AND BRIEFS TO SUPERIOR CO[URT] IN PETITIONER'S BEHALF, AND HE MAINTAINED THAT FABRICATION FOR A PERIOD OF [ONE] AND A HALF YEARS, THIS NOT ONLY PREJUDICED PETITIONER, BUT DENIED HIM HIS A[PP]ELLATE RIGHT OF APPEAL, WHICH DENIED PETITIONER ANY REVIEW AT ALL OF CONSTI[TU]TIONAL ISSUES AT THE APPELLATE LEVEL.

COUNSEL'S DELIBERATE FABRICATION AND INTENTIONAL DECEPTION IS CONSISTEN[T WITH] HIS INEPTNESS DOING THE TRIAL WHERE HE FAILED TO PRESENT THE FACTS TO THE C[OURT] AS TO WHAT HAD ACTUALLY HAPPENED, AS TO THE INCIDENT, VERSES THE CHARGES A[T] WHICH THE INCIDENT DID NOT RISE TO THE LEVEL OF THE CHARGES.

COUNSEL'S INCOMPETENCE, DOING AND AFTER THE CONVICTION IN THIS CASE, HIS [IN]TENTIONAL AND KNOWINGLY FABRICATION AND DECEPTION THAT HE HAD FILED AN APPE[AL] AND BRIEFS TO SUPERIOR COURT,(TIMELY), AND THEN MAINTAINED THAT FABRICATION [FOR] A PERIOD OF ONE AND A HALF YEARS, **CANNOT BE CONSIDERED BY THIS HONORABLE CO[URT] AS BEING REASONABLE,** AND CANNOT BE CONSIDERED BY THIS COURT AS BEING A WAY [TO] ASSIST PETITIONER IN HIS LEGAL MATTER, AS TO HIS RIGHT TO APPEAL.

THIS HONORABLE COURT MUST AGREE THAT BY COUNSEL'S INEPTNESS, HIS DELIBER[ATE] FABRICATION AND DECEPTION, ALTHO, IS NOT TO BE CONSIDERED TO BE REASONABLE, [BY] THE STANDARDS SET BY THE UNITED STATES SUPREME COURT IN, STRICKLAND V. WASH[INGTON]

IN THE CASE CITED, <u>LOVE V. FULCOMER</u>, AT 729 F. SUPP. 1514, (E.D. PA. 19[..] <u>EVITTS V. LUCEY</u>, 105 S.CT. 830. PRETAINING TO INEFFECTIVE ASSISTANCE OF CO[UNSEL] AT BEST, COUNSEL COULD HAVE FILED A DIRECT APPEAL TO SUPERIOR COURT AS REQ[UES]TED BY PETITIONER AFTER THE CONVICTION, THIS WOULD HAVE BEEN CONSIDERED AS [A] REASONABLE UNDER THE 6th,14th AMENDMENTS OF THE CONSTITUTION, AND UNDER PE[NNSYL]VANIA CONSTITUTION, ARTICLE 5 § 9; (RIGHT TO APPEAL), AND UNDER PA. 18 C.S[.A.] § 9151.

THIS HONORABLE COURT MUST CONSIDER THE FACT IN LAW THAT OBSTRUCTION OF [JUS]TICE COMES IN MORE THAT ONE FORM OR ACT, TO INTERFERE WITH DUE PROCESS INT[EN]TIONALLY OR KNOWINGLY DO IT. HOWEVER, CANNOT BE EXCUSED BY THIS HONORABLE [COURT] WITHOUT A REMEDY, COUNSEL'S INEPTNESS AND INTENTIONAL DECEPTION CANNOT BE [PUT] ON TO PETITIONER BECAUSE OF HIS FAILURE TO BE TRUTHFUL, WHICH DENIED AND P[REVEN]TED THE TIMELY FILING OF A DIRECT APPEAL AND TIMELY FILING OF A (PCRA) PET[ITION].

THIS HONORABLE COURT MUST KNOW THAT BY COUNSEL'S INEPTNESS AND FAILURE [TO] GIVE PETITIONER ADEQUATE REPRESENTATION DOING AND AFTER THIS CONVICTION, D[OES NOT] **IMPLY IN ANY WAY THAT PETITIONER WAIVERED HIS APPELLATE RIGHTS, OR RIGHT T[O AP]PEAL,** THE DECEPTION WAS DESIGNED BY COUNSEL AND NOT PETITIONER.

### (PROCEDURAL HISTORY)

PETITIONER WAS CHARGED WITH THE CRIME OF VIOLATING PENNSYLVANIA STATUTE [18] C.S.A. § 2702,(AGGRAVATED ASSAULT), AND WAS TRIED IN THE COURT OF COMMON P[LEAS] OF DAUPHIN COUNTY-CRIMINAL DIVISION, BEFORE THE **HONORABLE, J. KLEINFELTER,** [ON] MARCH 11, 1996, PETITIONER'S PLEA WAS <u>NOT GUILTY</u>, PETITIONER WAS FOUND GUI[LTY] OF SAID CHARGE BY JURY ON, MARCH 12, 1996, AND PETITIONER WAS SENTENCED ON [APRIL] 24, 1996, TO SERVE A TERM OF,(8 TO 20) YEARS IMPRISONED. PETITIONER STARTE[D TO] SERVE HIS IMPOSED SENTENCE ON MAY 16, 1996.

### TRIAL FACTS)

AFTER PETITIONER WAS CONVICTED AND SENTENCED, HIS COUNSEL, <u>MICHAEL E. D[UNLAP]</u> ESQUIRE, (PUBLIC DEFENDER) FROM DAUPHIN COUNTY, COULD NOT CONCEDE TO SUPER[IOR] COURT THAT HE WAS <u>INEFFECTIVE</u> IN THIS PROCEEDING, THEN HE <u>DECEIVED</u> PETITION[ER] FOR ONE YEAR AND A HALF INTO BELIEVING THAT HE HAD FILED A DIRECT APPEAL A[ND] BRIEFS TO SUPERIOR COURT IN PETITIONER'S BEHALF, WHEN HE KNEW THIS NOT TO [BE] TRUE, THIS DENIED PETITIONER THE RIGHT OF DIRECT APPEAL, AS OF FIRST RIGHT[. COU]NSEL ALSO FAILED TO FOLLOW HIS CONSTITUTIONAL OBLIGATION AND PETITIONER'S [RIGHT] WHEN HE FAILED TO FILE A DIRECT APPEAL TO SUPERIOR COURT AS REQUESTED BY P[ETI]TIONER THE DAY AFTER THE CONVICTION, COUNSEL ASSURING PETITIONER THAT HE H[AD IN] FACT FILED SUCH APPEAL AND BRIEFS. COUNSEL KNOWING THAT HIS PERFORMANCE IN [THE] TRIAL WAS DEFICIENT, HIM KNOWING THAT HE HAD NOT PERFORMED TO THE STANDARDS [OF] THE GUARANTEE OF EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 6th AMENDMENT O[F THE] CONSTITUTION, OR UNDER THE STANDARDS SET BY THE UNITED STATES SUPREME COURT [IN] <u>STRICKLAND V. WASHINGTON</u>, 104 S.CT. 2052; COUNSEL INTENTIONALLY AND KNOWING[LY] DECEIVED PETITIONER AND FAILED TO FILE APPELLANT'S BRIEF ON HIS FIRST APPE[AL] OF RIGHT.

THE RECORD WILL SHOW THAT COUNSEL WAS INEFFECTIVE IN THIS TRIAL WHEN HE [FAIL]ED TO FOLLOW PETITIONER'S ADVICE AND QUESTION OR ATTACK THE CIRCUMSPECT EV[IDENCE] BEING PUT BEFORE THE COURT BY COMMONWEALTH WITNESSES, AS TO THE CREDIBILIT[Y,] RELIABILITY AND SUFFICIENCY OF THAT CIRCUMSPECTED EVIDENCE WHICH WAS FABRI[CATED] AND DESIGNED TO SUIT THE INVENTED STORY OF WHAT HAD ACTUALLY HAPPENED, AGA[INST] THE WEIGHT OF THE CHARGES.

COUNSEL HAD INFORMATION AND EVIDENCE PRIOR TO TRIAL TO PRESENT TO THE C[OURT] TO SHOW EXACTLY WHAT HAD HAPPENED, AND THE FACT THAT PETITIONER WAS NOT, A[ND HAD] NO INTENTION AT ALL OF ASSAULTING ANYONE, BUT WAS ACTING TO DEFEND HIMSELF [FROM] BEING ASSAULTED, AND WHAT HAPPENED DID NOT RISE TO THE LEVEL OF AGGRAVATED [ASS]AULT, BUT COUNSEL FAIL TO PUT THIS INFORMATION OF FACT BEFORE THE COURT IN [THIS] PROCEEDING. COUNSEL KNOWING THAT PROSECUTION HAD NO SUCH EVIDENCE THAT COU[LD] RISE TO THE LEVEL OF THE CHARGES OR THE SENTENCE.

COUNSEL WAS ALSO INEFFECTIVE IN THIS PROCEEDING WHEN HE FAILED TO PRESE[NT] PETITIONER'S COMPLETE SIDE OF THE STORY TO THE COURT AS TO WHAT HAD ACTUAL[LY HAP]PENED, PETITIONER HAVE A CONSTITUTIONAL RIGHT FOR HIS SIDE TO BE HEARD, SO [THE] COURT,(JURY) CAN MAKE A FAIR AND RATIONAL DETERMINATION BASED ON HEARING BO[TH] SIDES IN ITS ENTIRETY. THIS IS NOT COUSIDERED TO BE HIND SIGHT, BUT INEPTN[ESS] ON COUNSEL'S BEHALF.

COUNSEL WAS INEFFECTIVE IN THIS TRIAL WHEN HE DID NOT FOLLOW PETITIONER['S AD]VICE AND FILE A **TIMELY MOTION** TO THE COURT FOR DISMISSAL AND RELEASE FROM C[US]TODY, OR ANOTHER REMEDY, BECAUSE OF THE FAILURE TO GIVE PETITIONER A **SPEED[Y TRI]AL, PURSUANT TO (PA.RECRIM.P.) RULE 1100**, COUNSEL FILING THE SAID MOTION O[N THE] DAY OF THE TRIAL, AGAIN DENYING PETITIONER DUE PROCESS, AND DENYING HIM ANY [RE]MEDY FOR THE VIOLATION UNDER RULE 1100. AGAIN VIOLATING PETITIONER'S RIGHTS [UN]DER THE SIX AND FOURTEENTH AMENDMENTS. DENYING PETITIONER THE RIGHT TO A S[PEEDY] TRIAL, AND NOT TO EXCEED **180 DAYS**, IF INCARCERATED, BEFORE GOING TO TRIAL. [THE] RECORD WILL SHOW THAT PETITIONER WAS ARRESTED ON **MARCH 21, 1995**, AND REMAI[NED] INCARCERATED UNTIL THE TRIAL ON, **MARCH 11, 1996, WHICH IS 355 DAYS**, THIS DE[LAY] WAS NOT PETITIONER'S RESPONSIBILITY, DUE DILIGENCE MUST PREVAIL. COUNSEL'S [FAIL]URE TO COMPLY AND FILE A TIMELY MOTION TO THE COURT, AND FAILING TO SHOW A[CC]URATE TIME PETITIONER SPENT IN CUSTODY PRIOR TO GOING TO TRIAL, THE UNTIME[LY MO]TION FILED BY COUNSEL WAS DISMISSED BY THE COURT, SEE EXHIBITS-1-AND 2.

THIS HONORABLE COURT MUST AGREE WITH THE LAW, RULE 1100, IS NOT BASED O[N WHAT] THE CHARGES ARE ABOUT, NOR IS IT BASED ON ANY PRECEPTION OF GUILT OR INNOCE[NCE.] RULE 1100 IS A GUARANTEE UNDER THE 6th AND 14th AMENDMENTS TO A SPEEDY TRIA[L.] THIS HONORABLE COURT MUST KNOW THAT RULE 1100 IN THIS PARTICULAR CASE, **WAS [NOT] AND HAS NOT BEEN WAIVERED BY PETITIONER** BECAUSE OF COUNSEL'S INEPTNESS, INE[FFEC]TIVENESS TO DO AS INSTRUCTED BY PETITIONER IN THIS TRIAL. THE COMMONWEALTH [KNOW]ING THAT PETITIONER WAS IN CUSTODY DOING THE TIME INDICATED, AND WAS AVAILA[BLE] FOR TRIAL DOING THIS TIME. PETITIONER'S RIGHTS WERE VIOLATED UNDER RULE 110[0,] [AND STANDS TO BE CORRECTED BY THIS HONORABLE COURT.]

IN THIS PARTICULAR CASE, THERE ARE SUBSTANTIAL ISSUES OF ARGUABLE MERIT [IN]VOLVED IN THIS APPEAL, INCLUDING, BUT NOT LIMITED TO, THE DENIAL OF RULE 1[100] (PA.R.CRIM.P.).

COUNSEL WAS AGAIN INEFFECTIVE IN THIS TRIAL WHEN HE WAS ADVISED BY PETI[TIONER] THAT THE JUDGE RESIDING IN THIS CASE MAY PRESENT A CONFLICT OF INTEREST WH[ICH] MAY PREJUDICE PETITIONER IF CONTINUED, PETITIONER INFORMING COUNSEL THAT JU[DGE] KLEINFELTER WAS A PRIOR PROSECUTOR FOR THE COMMONWEALTH IN TWO PRIOR TRIAL[S] WHERE HE WAS THE DEFENDANT. PETITIONER REQUESTING TO COUNSEL TO FILE A MOT[ION] REQUESTING JUDGE KLEINFELTER TO DISQUALIFY OR RECUSE HIMSELF FROM THIS PRO[CEED]ING BASED ON THE POTENTIAL CONFLICT OF INTEREST, COUNSEL AGAIN DENIED PETI[TIONER] DUE PROCESS, AND FAILED TO FILE SAID MOTION KNOWING THAT THE JUDGE RESIDIN[G WAS] PROSECUTION FOR THE COMMONWEALTH IN DAUPHIN COUNTY, WHERE HE HAD PROSECUTE[D] CASES WHERE PETITIONER WAS DEFENDANT, AND NOW HE WAS RESIDING OVER THIS CA[SE AS] JUDGE, WHICH MAY PRESENT A BIAS OR PREJUDICE TOWARDS PETITIONER DOING THE [TRIAL] OR IN SENTENCING.

WITH ALL DUE RESPECT TO JUDGE KLEINFELTER, COUNSEL WAS AGAIN EFFECTIVE [IN] TRIAL, WHEN IT BECAME APPARENT THAT THE COURT, JUDGE KLEINFELTER RECOGNIZE[D PET]ITIONER FROM THE PRIOR TRIALS WHERE HE WAS PROSECUTION FOR THE COMMONWEALT[H AND] PETITIONER WAS DEFENDANT, JUDGE KLEINFELTER MAKING THE STATEMENT THAT PETI[TIO]NERS' LIFE WAS A LIFE OF CRIME, DOING THE TRIAL AND DOING THE SENTENCING, [ADMIT]TING TO HIS KNOWLEDGE OF THE PRIOR PROSECUTIONS WHERE HE WAS THE PROSECUTO[R AND] PETITIONER WAS THE DEFENDANT.

COUNSEL WAS NOT ONLY INEFFECTIVE DOING THIS TRIAL BY FAILING TO REPRESE[NT AND] PRESENT PETITIONER'S SIDE OF THE STORY IN ITS ENTIRETY AND OTHER SAID PERT[INENT] ISSUES THEREIN, COUNSEL FAILURE TO FILE MOTIONS TO THIS COURT AS REQUESTE[D BY] PETITIONER, MOREOVER, COUNSEL WAS INEFFECTIVE ON THE APPELLATE LEVEL, WHEN [HE] INTENTIONALLY AND KNOWINGLY DECEIVED PETITIONER OVER ONE AND A HALF YEARS [AFTER] THE CONVICTION BY CLAIMING THAT HE HAD FILED A DIRECT APPEAL AND BRIEFS TO [SUP]ERIOR COURT ON PETITIONER'S BEHALF, AND MAINTAINED THAT FALSIFICATION UNTIL [PET]ITIONER RECEIVED THE DOCKETS FROM HIS CASE, WHICH PROVED THAT COUNSEL HAD [NOT,] BUT IN THAT DECEPTION, VIOLATIONS HAD OCCURRED, WHICH DENIED PETITIONER TH[E] THE RIGHT TO FILE A TIMELY DIRECT APPEAL, AND DENIED PETITIONER THE RIGHT T[O] FILE A TIMELY (PCRA) PETITION, DENYING PETITIONER HIS APPELLATE RIGHT ON F[IRST] RIGHT OF APPEAL, COUNSEL'S DECEPTION NOT ONLY PREJUDICED PETITIONER CASE, [BUT] CAUSED THE DELAY IN FILING, IN VIOLATION UNDER THE 6th,14th AMENDMENTS RIGH[TS,] THIS VIOLATION NOT ONLY DENIED PETITIONER ADVERSARIAL PRESENTATION OF CLAI[M AND] ANY RIGHT TO APPELLATE REVIEW, BUT WOULD SERVE AS THE PURPOSE OF COVERING U[P] HIS PERFORMANCE DOING THE TRIAL, WHERE COUNSEL FAILED TO CALL PETITIONER'S [WIT]NESSES TO TESTIFY AS TO THE CREDIBILITY AND RELIABILITY OF COMMONWEALTH'S W[IT]NESSES.

THIS TESTIMONY FROM PETITIONER'S WITNESSES, IF CALLED, COULD HAVE SHOWN THE WITNESSES FOR THE COMMONWEALTH WAS NOT TO BE BELIEVED AS TO THE INCIDEN[T] AND WHAT CAUSED IT, WHICH AGAIN WOULD NOT RISE TO THE LEVEL OF THE CHARGES. [PET]ITIONER'S WITNESSES WAS, POLICE OFFICER, LT. JOHN GASHORT, OFFICER WILLIE H[ ] AND, OFFICER BRIAN JACKSON, ALL OF DAUPHIN COUNTY, HARRISBURG, PA.

THIS HONORABLE COURT MUST AGREE THAT IT IS NOT COUNSEL OR THE COURT, NOR [PRO]SECUTION THAT GUARANTEES' EFFECTIVE ASSISTANCE OF COUNSEL IN A CRIMINAL PRO[CEED]ING, IT IS THE UNITED STATES CONSTITUTION, UNDER THE 6th AND 14th AMENDMENT[S] THAT GUARANTEES A DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL IN A CRIMINAL P[RO]CEEDING, AND IT IS COUNSEL'S RESPONSIBILITY TO CARRY OUT THAT GUARANTEE TO [PRO]VIDE HIS CLIENT WITH ADEQUATE ADVERSARIAL PRESENTATION OF CLAIMS BEFORE A C[OURT] OF LAW. IN THAT GUARANTEE, UNDER THE CONSTITUTION, THERE ARE NO PROVISIONS [TO] ALLOW COUNSELS TO DENY THAT GUARANTEE. COUNSEL'S PERFORMANCE IN THIS TRIAL [CAN]NOT BE CONSIDERED AS BEING REASONABLE.

THE STANDARDS WAS SET BY THE UNITED STATES SUPREME COURT IN <u>STRICKLAND V</u>[.] <u>WASHINGTON</u>, (THE TWO PRONG TEST) TO DETERMINE INEFFECTIVE ASSISTANCE OF COU[NSEL] IN THIS TRIAL, THE RECORD WILL SHOW THAT COUNSEL FAIL TO MEET THE STANDARDS [IN] EVERY WAY, AND FAILED TO MEET THE STANDARDS ON THE APPELLATE LEVEL ALSO. SE[E] <u>EVITTS V. LUCEY</u>, 105 S.CT. 830; HOLDING THAT, DEFENDANT RIGHT TO EFFECTIVE [ASS]ISTANCE OF COUNSEL ON FIRST APPEAL.

**WHEREFORE**, FOR EACH OF THE FOREGOING REASONS, PETITIONER RESPECTFULLY RE[QUESTS] THAT THIS **HONORABLE COURT ALLOW** THIS PETITION AND AMENDED PETITION, BASED O[N] FACTS WITHIN THIS PETITION WHICH BASED ON THE CONSTITUTIONALLITY OF THE ISS[UE] PURSUANT TO (P.R.A.P.) RULE 1112, AND PENNSYLVANIA CONSTITUTION, **ARTICLE 1** [ ] AND **ARTICLE 5 § 9, PA. STATUTE 18 C.S.A. § 5105-9151.**

RESPECTFULLY SUBMITTED,

*Joe King*

JOE KING, PRO SE PETITIONER
CZ9499     E-I
P.O.  BOX 256
WAYMART, PA. 18472-0256

THROUGH AND BY HIS ATTORNEY,

FRANCIS M. SOCHA
2201 NORTH SECOND STREET
HARRISBURG, PA. 17110

JK
CC

-6-

## ARGUMENT
## INEFFECTIVE ASSISTANCE OF COUNSEL

1. AS STATED, THIS HONORABLE COURT MUST AGREE THAT IT IS NOT COUNSEL THAT (GUA)RANTEES EFFECTIVE ASSISTANCE OF COUNSEL, IT IS THE 6th AMENDMENT OF THE CO(NSTI)TUTION THAT GUARANTEES' A DEFENDANT THAT RIGHT IN A PROCEEDING, AND IF COU(NSEL) FAIL TO CARRY OUT THAT GUARANTEE IN VIOLATION OF THE 6th AND 14th AMENDMEN(TS,) THEN COUNSEL'S PERFORMANCE WOULD AMOUNT TO NO REPRESENTATION AT ALL. CITED STRICKLAND V. WASHINGTON, 104 S.CT. 2052, HELD THAT IF COUNSEL'S PERFORMAN(CE IN) A CRIMINAL PROCEEDING FALLS BELOW THE STANDARDS SET BY THE UNITED STATES SU(PREME) COURT IN THIS CASE, THEN COUNSEL IS IN VIOLATION OF THESE STANDARDS. COUNS(EL'S) PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND THAT A (REA)SONABLE PROBABILITY EXISTS THAT, BUT FOR COUNSEL'S UNPROFESSIONAL ERRORS, (THE) RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. SEE: AVERY V. ALABAMA, S.CT. 312-322.

2. IN THIS TRIAL, COUNSEL'S FAILURE TO PRESENT THE FACTS TO THE COURT,(JURY AS) HE KNEW THEM TO BE, AND FAILURE TO CALL SAID WITNESSES, COUNSEL'S FAILURE T(O) FILE SAID MOTIONS TO THE COURT THAT PETITIONER HAD DEMANDED THAT HE FILE, C(OUN)SEL'S PERFORMANCE IN THIS TRIAL CANNOT BE CONSIDERED TO BE STRATEGY OR TACT(IC) USED BY COUNSEL TO REPRESENT PETITIONER'S BEST INTEREST, BUT A FAILURE TO P(ER)FORM HIS DUTY AS COUNSEL AND FOLLOW THE INSTRUCTIONS WHICH WAS GIVEN TO HIM (BY) PETITIONER. CONSTITUTIONAL GUARANTEE OF EFFECTIVE ASSISTANCE OF COUNSEL CAN(NOT) BE SATISFIED BY MERE FORMAL APPOINTMENT OF COUNSEL. EVITTS V. LUCEY, 105 S.(CT.) 830; SEE UNITED STATES ex rel, THOMAS V. LEARY, 856 F.2d 1011.

## MOTION TO COURT PURSUANT TO RULE 1100,(PRCP)

1. **AGAIN,** IN THIS PROCEEDING WHERE COUNSEL PERFORMANCE FELL BELOW OBJECTIVE (STA)NDARDS OF REASONABLENESS, WHEN HE FAILED AND REFUSED TO FILE A TIMELY MOTION (TO) THE COURT PURSUANT TO **RULE 1100,** COUNSEL BEING INFORMED THAT PETITIONER HA(D) PASSED THE LIMITATION TO A SPEEDY TRIAL UNDER RULE 1100, BY HIM BEING IN CU(STODY) FOR **355 DAYS** BEFORE COMMING TO TRIAL. SEE EXHIBIT-2: FROM MARCH 21, 1995, T(O) MARCH 11, 1996.

2. THE RIGHT TO A SPEEDY TRIAL HAS BOTH CONSTITUTIONAL AND STATUTORY UNDERP(IN)NINGS, FEDERAL STATUTES OF LIMITATIONS AND THE DUE PROCESS CLAUSE PROTECT D(EFEN)DANTS AGAINST INTENTIONAL AND PREJUDICIAL PREACCSATION DELAY. THE 6th AMEND(MENT) SPEEDY TRIAL GUARANTEE.

3. THE 6th AMENDMENT PROVIDES THAT IN ALL CRIMINAL PROSECUTIONS, THE ACCUSE(D) SHALL ENJOY THE RIGHT TO A SPEEDY AND PUBLIC TRIAL, U.S.CONST. AMEND. **VI.** T(HE) SIX AMENDMENT SPEEDY TRIAL GUARANTEE IS **BINDING** ON THE STATES THROUGH THE D(UE) PROCESS CLAUSE OF THE 14th AMENDMENT. SEE: KLOPFER V. NORTH CAROLINA, 386 U(.S.) 213-222-23.

4. THE FIFTH AMENDMENT PROVIDES THAT NO PERSON SHALL..BE DEPRIVED OF LIFE, (LIB)ERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW. AMEND. **V,** THE 14th AMENDMENT (IM)POSES THE IDENICAL LIMIT ON THE STATES. U.S. CONST. AMEND. **XIV.** SEE BERKETT (V.) CUNNINGHAM, 826 F.2d 1208-25-26. (3rd CIR.)

CONT.                    SPEEDY TRIAL PURSUANT TO RULE 1100

5. THE SPEEDY TRIAL ACT OF 1974 AND OTHER FEDERAL STATUTES AND THE FEDERA[L]
RULES OF CRIMINAL PROCEDURE PROTECT DEFENDANTS FROM UNDUE PREACCUSATION AN[D]
POSTACCUSATION DELAY. 18 U.S.C. §§ 3161-3174 (1988)(SPECIFYING TIME LIMITS
[BE]TWEEN ARREST, INDICTMENT, AND TRIAL AND PERMISSIBLE DELAYS WITHIN EACH PER[IOD])
SEE:(FED. R. CRIM. P. 48 (b) (AUTHORIZING COURTS TO DISMISS INDICTMENTS FO[R]
GOVERNMENT'S UNNECESSARY DELAY); PETITIONER IN THIS TRIAL NEVER WAIVERED H[IS]
PROTECTED RIGHT UNDER **RULE 1100**, BECAUSE OF COULSEL'S INEFFECTIVENESS AND
TO FILE THE MOTION FOR DISMISSAL OF CHARGE AND TRIAL.

### DISQUALIFICATION OR RECUSAL OF JUDGE UNDER (PENN.CRIM.PROCEDURE) SECTION 10.14

1. COUNSEL WAS AGAIN INEFFECTIVE WHEN HE AGAIN VIOLATED PETITIONER'S DUE [PRO]CESS RIGHTS, AFTER PETITIONER MAKING COUNSEL AWARE PRIOR TO THE TRIAL THAT
HONORABLE **JUDGE KLEINFELTER** WHO WAS RESIDING OVER THIS CASE, WAS THE PROSEC[UTOR]
FOR THE COMMONWEALTH IN (TWO) PRIOR TRIALS WHERE PETITIONER WAS THE DEFENDA[NT]
AND WAS BELIEVED THAT THE JUDGE RECOGNIZED PETITIONER FROM THOSE PRIOR TRI[ALS]
HIS STATEMENT, MAKING COUNSEL AWARE OF THE POTENTIAL <u>CONFLICT OF INTEREST</u> [AND]
**BIAS AND PREJUDICE** THIS MAY CAUSE IN THIS PROCEEDING. PETITIONER REQUESTING
COUNSEL TO FILE A MOTION TO THE **COURT** ASKING **JUDGE KLEINFELTER** TO RECUSE HI[MSELF]
FROM THIS PROCEEDING IN PROTECTION OF PETITIONER'S RIGHTS, COUNSEL REFUSED [TO]
FILE THAT **MOTION** TO PROTECT HIS CLIENTS RIGHTS.

2. DUE PROCESS REQUIRES THAT A JUDGE NOT APPEAR BIASED, WHICH MEANS THAT A [JUDGE]
CANNOT HAVE **EVEN** THE **APPEARANCE** OF BEING BIASED OR **CONFLICT OF INTEREST** IN [A]
CRIMINAL PROCEEDING. IF THE APPEARANCE OF JUDICIAL BIAS OR PREJUDICE EXIST[S EI]THER AGAINST OR IN FAVOR OF A PARTY, 28 U.S.C. § 144 AND § 455 PROVIDE MECH[ANISMS]
FOR THE JUDGE'S RECUSAL. In re <u>MURCHISON, 349 U.S. 133,136-39</u>. <u>U.S. V. DIAZ</u>[,]
F.2d 99,100.

3. SEE PENNSYLVANIA RULES OF COURT) UNDER <u>**CODE OF JUDICIAL CONDUCT**</u>:
**CANON**: 1. A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDIC[IARY]
      2. A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIET[Y IN]
         ALL HIS ACTIVITIES.
      3. A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND [DILI]GENTLY.
      C. <u>DISQUALIFICATION</u>: A JUDGE SHOULD DISQUALIFY HIMSELF IN A PROCEED[ING]
         IN WHICH HIS IMPARTIALITY **MIGHT** REASONABLY BE **QUESTIONED**;
DOING A CRIMINAL PROCEEDING, A JUDGE RESIDING OVER ANY SUCH PROCEEDING SH[OULD]
NOT HAVE A FIXED BIAS OR PREJUDICE FOR OR AGAINST THE DEFENDANT, OR PERSONAL
KNOWLEDGE ABOUT DEFENDANT IN A PRIOR PROCEEDING WHERE HE WAS PROSECUTION FOR [THE]
COMMONWEALTH, AND BECAME AWARE OF THE PRIOR TRIALS DOING THE PROCEEDING NOW [AS]
JUDGE, WHICH MAY CONSTITUTE A BIAS OR PREJUDICE TOWARDS DEFENDANT.

## INEFFECTIVE ASSISTANCE OF COUNSEL AT APPELLATE LEVEL:

1. **MOREOVER**, COUNSEL WAS AGAIN INEFFECTIVE AT THE APPELLATE LEVEL, WHEN HE TO FILE A BRIEF TO SUPERIOR COURT, ON FIRST RIGHT OF APPEAL, IN PETITIONER' HALF AFTER TRIAL. COUNSEL KNOWING AND BEING MADE AWARE OF THE FACT THAT IT HIS CONSTITUTIONAL DUTY TO FILE BRIEF TO SUPERIOR COURT ON PETITIONER'S FI RIGHT TO APPEAL. **COUNSEL FAILED TO DO SO.** LOVE V. FULCOMER, 729 S.SUPP. 151 U.S. DISTRICT COURT FOR THE EASTERN DISTRICT,(1990)

2. IN THE CASE CITED, LOVE V. FULCOMER, SENIOR DISTRICT JUDGE, **JOSEPH S. LO** HELD THAT PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY APPELLAT SEL'S FAILURE TO FILE BRIEF ON DIRECT APPEAL, THEREBY PRECLUDING ADVERSARIA SENTATION OF CLAIMS AND ANY RIGHTS TO APPELLATE REVIEW AT ALL.
**CRIMINAL LAW:** 641.13 (7)   CRIMINAL APPELLANT IS CONSTITUTIONALLY ENTITLED ECTIVE ASSISTANCE OF COUNSEL ON HIS FIRST APPEAL AS OF RIGHT. U.S.C.A. CONST AMEND. 6.

3. REPRESENTATION AFFORDED CRIMINAL DEFENDANT WILL BE CONSIDERED OBJECTIVEL **REASONABLE** ONLY WHERE DEFENDANT CAN IDENTIFY ACTS OR OMISSIONS OF HIS COUNSE THAT COULD NOT BE RESULT OF REASONABLE PROFESSIONAL JUDGMENT. U.S.C.A. CONST AMEND. 6.

4. WHILE THERE IS STRONG PRESUMPTION THAT ATTORNEY'S CONDUCT FALLS WITHIN WI RANGE OF REASONABLE PROFESSIONAL ASSISTANCE, **FAILURE** OF COUNSEL TO FILE BRIE ON ACCUSED'S BEHALF **CANNOT** BE CONSIDERED OBJECTIVELY REASONABLE. U.S.C.A. CO AMEND. 6

5. COUNSEL MUST FUNCTION AS ADVOCATE, ACTIVELY PROMOTING HIS CLIENT'S POSITI BY SCRUTINIZING RECORD FOR ERRORS IN PRESENTING LEGAL ARGUMENTS IN HIS CLIEN FAVOR, TO RENDER EFFECTIVE ASSISTANCE AT APPELLATE LEVEL; THUS, AT MINIMUM, SEL **MUST FILE BRIEF** TO PREFORM EFFECTIVELY AS APPELLATE ADVOCATE. U.S.C.A. C AMEND. 6.

6. **FAILURE** OF APPELLANT COUNSEL TO FILE BRIEF ON ACCUSED'S BEHALF ON DIRECT EAL WAS FUNCTIONAL EQUIVALENT OF **NO REPRESENTATION AT ALL**, WARRANTING PRESUM OF PREJUDICE(IN) CONTEXT OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, ESPECIALL WHERE SUCH FAILURE PRECLUDED NOT ONLY ADVERSARIAL PRESENTATION OF CLAIMS, BU ALSO ACCUSED'S RIGHT TO ANY APPELLATE REVIEW AT ALL. U.S.C.A. CONST. AMEND.

**RIGHT OF ACCESS TO COURT:** SEE: BOUNDS V. SMITH, 430 U.S. 817,828, THE CONS TIONAL FUNDAMENTAL RIGHT TO ADEQUATE, EFFECTIVE AND MEANINGFUL ACCESS TO COU TO CHALLENGE VIOLATIONS OF CONSTITUTIONAL RIGHTS): JOHNSON V. AVERY, 393 U.S. 483, 485. SEE: JOHN L. V. ADAMS, 969 F.2d 228,233-37.(6th CIR.1992)

PETITIONER FINALLY ASSERTS TO THIS HONORABLE COURT THAT IN THIS TRIAL, H
CONSTITUTIONAL RIGHTS WERE IGNORED AND VIOLATED UNDER THE 1st, 5th, 6th AND
AMENDMENTS OF THE U.S. CONSTITUTION, AND VIOLATIONS UNDER PENNSYLVANIA CONS
TUTION, **ARTICLE 1 § 9, ARTICLE 5 § 9; PA. STATUTES, 18 C.S.A. 5105-9151.**

**THESE** CONSTITUTIONAL VIOLATIONS OF PETITIONER'S RIGHTS IN THIS PROCEEDIN
MADE IT IMPOSSIBLE FOR PETITIONER TO HAVE RECEIVED A FAIR AND IMPARTIAL TRI
AS PROCRIBED BY LAW, PETITIONER WAS PREJUDICED BOTH DOING THIS TRIAL AND AF
THE CONVICTION, COUNSEL'S INEPTNESS AND INEFFECTIVENESS IS VERY APPARENT ON
FACE OF THE RECORD, AND THE FACT THAT HIS DECEPTION THAT HE HAD FILED A DIR
APPEAL AND BRIEFS TO SUPERIOR COURT, (TIMELY) WAS A FABRICATION WHICH WAS PR
BY THE DOCKETS THAT NO APPEAL OR BRIEFS WAS FILED AT ALL, WHICH AMOUNTS TO
OBSTRUCTION OF JUSTICE, OR OBSTRUCTION OF DUE PROCESS AND OBSTRUCTION OF PR
CEDURAL DUE PROCESS, WHICH IS THE SAME.

COUNSEL'S DECEPTION WOULD SERVE TO GIVE A FALSE APPEARANCE THAT PETITION
HAD FAILED TO FILE DIRECT APPEAL TO SUPERIOR COURT, AND AGAIN FAILED TO FIL
TIMELY (PCRA) PETITION TO THE COURT, TO GIVE THE IMPRESSION THAT PETITIONER
RESPONSIBLE FOR THE DECEPTION, THEREFORE HAD WAIVERED HIS RIGHS TO ANY APPE
LATE REVIEW, DENYING AN APPEAL. **THIS IS NOT TRUE.** THE QUESTION UNDER THE CO
OF JUDICIAL CONDUCT, BUT MOST OF ALL, THE EXTREME CHARGES FABRICATED BY COM
WEALTH'S WITNESSES, WHICH HAD NO EVEDENCE THAT COULD RISE TO LEVEL OF THE C
GES, UNDER PA. 18 C.S.A. § 2702.

THIS HONORABLE COURT IS WELL AWARE OF THE FACT THAT **RULE 1100**, IS NOT B
ON THE CHARGES OF A CRIME, NOR IS IT BASED ON WHETHER THE DEFENDANT IS PREC
TO BE GUILTY OR INNOCENT. **RULE 1100 IS THE GUARANTEE TO A SPEEDY TRIAL UND
THE DUE PROCESS CLAUSE OF THE CONSTITUTION** WHICH PROTECTS DEFENDANTS AGAINS
INTENTIONAL AND PREJUDICIAL PREACCSATION DELAY. THE 6th AMENDMENT'S SPEEDY
GUARANTEE. THE TIME LIMITATIONS IS SET FORTH IN **RULE 1100, WITHOUT EXCUSE.**
(PA.R.C.P.) RULE 1100 (2),(g) IF AT ANY TIME, IT IS DETERMINED THAT THE COMM
WEALTH DID NOT EXERCISE DUE DILIGENCE, THE COURT SHALL DISMISS THE CHARGES
DISCHARGE THE DEFENDANT.

**WHEREFORE,** PETITIONER RESPECTFULLY REQUEST THAT THIS HONORABLE COURT GRA
HIM HIS APPELLATE RIGHTS OR GRANT HIM THE RIGHT TO PROCEED ON APPEAL THROUG
HIS PETITION AND AMENDED PETITION UNDER THE POST CONVICTION RELIEF ACT, FOR
PURPOSE OF REVIEW ON APPEAL AS OF FIRST RIGHT OF APPEAL. PA. 42 C.S.A. §§ 9
9551. GIVING PETITIONER A FAIR OPPORTUNITY TO PRESENT THE ISSUES OF CONSTIT
NAL VIOLATIONS WHICH OCCURED DOING AND AFTER THIS PROCEEDING, WHICH RENDERE
PETITIONER WITHOUT COUNSEL AND A RIGHT TO A FAIR TRIAL. TO GRANT PETITIONER
REVIEW OF THE FACTS PRESENTED WITHIN THIS PETITION, OR GRANT PETITIONER A N
**TRIAL OR DISMISSAL,** BASED ON THE VIOLATIONS PRESENTED.

RESPECTFULLY SUBMITTED,

6. The DEFACTO of Rule 1100 and a violation of the Sixth Amendment of the United States Constitution, that states in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. In this instant cause the Rule should favor the defense, and not deny Due Process of Law under the Fourteenth Amendment Guarantees; and Equal Protections of Law.

7. A violation of due process right to appeal by Counsel, Senior Deputy Public Defender michael E. Duda, further prejudicing petitioner and creating a irrepar able harm to the cause of petitioner.

8. " WHEN CRIMINAL DEFENDANT EXCERSISED HIS PROCEDURAL RIGHT AND SUCCESSFULLY ATTACKS CRIMINAL CONVICTION, STATES CANNOT RETALIATE AGAINST DEFENDANT BY SEEKING HARSHER PUNISHMENT."
U.S. V. Williams, 47 F.3d 658 (4th Cir, 1995).

9. " DUE PROCESS REQUIRES THAT TRIAL JUDGE'S ACTIONS NEVER EVER REACH A POINT WHERE IT APPEARS CLEAR TO THE JURY THAT THE COURT BELIEVES THE ACCUSED IS GUILTY."
U.S. V. Price, 13 F.3d 711 (3rd Cir. 1994), Jenkins V. Lane 977 F.3d 266 (7th Cir. 1992).

10. Judge must be fair to all parties and may not do or say anything that might prejudice either litigant in eyes of jury.

11. As found in U.S. V. Lai, 944 F.2d 1443 (9th Cir. 1991), an;
"ADMISSION OF EVIDENCE OF DEFENDANTS PRIOR CRIMES OR WRONGFUL ACT TO SHOW BAD CHARACTER OR PROPENSITY TO COMMIT CRIMES, IS PROHIBITED"

12. A right to a fair trial is basic requirement of due process and includes right of unbiased judge. ( Houpl V. Dillared, 17 F.3d 285 (9th Cir. 1994))

LEGAL ARGUMENT

13. Petitioner avers that his due process rights and right to able counsel was violated in this instant cause. Counsel failed to appeal the case and failed to guarantee the Equal Protections of Law that are demanded and guaranteed in the United States Constitution, under the Sixth Amendment.

14. "THE DEFENDANT HAS BEEN DEPRIVED OF A SUBSTANTIAL RIGHT GIVEN TO HIM BY THE LAW IN FORCE AT THE TIME TO WHICH HIS GUILT RELATES."
United States v. Classic, Dred Scott V. Sandford. (see copy of Rule 1100 which applied to this instant case is fundamental.

(2)

15. Petitioner avers that he was denied a fair and impartial trial by jury, and effective assistance of counsel, when the jury was exposed to information improperly presented before it, and counsel's failure to object to the Jury's deliberation process.

16. Petitioner avers that throughout the proceedings in the lower court the defendent was represented by Micheal Duda, of the Public Defender's Office, who showed negligent and inept action by his failure to file the original appeal for Docket Number 1173-CD-95, thereby denying issues and due process to the petitioner.

Further the presiding Judge Kleinfeter, stated in open court that it was a matter of law for that counsel to appeal.

17. Petitioner avers that counsel was further ineffective in failing to demand a new trial or mistrial after evidence of a conviction 35 years prior to trial was intro duced at the trial level, thereby, creating bias and extreme prejudice in sentencing, while denying pertinent informations and statement by the alleged victim and the cause of the crime.

18. Petitioner avers that counsel failed to call pertinent defense witnesses to make a validation of the credibility of petitioner's testimony, further the credibility of the witnesses themselves would have shown that petitioner was honest and upfront in his wish to have the truth come out, the witnesses (Lt. John Gashart, Officers Brian Jackson, Willie Holland, and Officer Arnold, plus Mary beth of the Dauphin County public Defender's Office) All these uncalled witnesses would have aided and assisted in the instant cause.

Petitioner avers that the crux of this cause is that trial counsel, Micheal E. Duda, failed in his obligations and duties, counsel denied petitioner Due Process of law, and Equal Protections of Law by denying the basic and most important Guarantees of the United States Constitution and furthered the incompetence by failing to appeal, call for mistrial, and question the denial of justice in this instant cause.

Petitioner further avers that Trial Judge failed to provide the protections he swore to uphold when administration of the Oath of Office was taken by the Judge. Wherefore the reasons above and held within this case, Petitioner Prays this Honorable Court Grant the Prayer of the writ in the Petitioner's favor.

Respectfully submitted,

Joe King, pro se

*Joe King* #CC29898

IN THE SUPREME COURT OF PENNSYLVANIA
**MIDDLE DISTRICT**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | No. 0364 M.D. Alloc. Dkt. 2000 |
| Respondent | Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | |
| JOHN FLEMING, A/K/A JOE KING, | |
| Petitioner | |

### ORDER

**PER CURIAM:**

**AND NOW,** this 22nd day of August, 2000, the Petition for Allowance of Appeal is hereby **DENIED.**

TRUE & CORRECT COPY

ATTEST: AUG 23 2000

*Shirley J. Phipps*
SHIRLEY J. PHIPPS
APPELLATE CLERK

DC 300B (PART 1)

~~COURT COMMITMENT~~ CORRECTED COMMITMENT
STATE OR COUNTY CORRECTIONAL INSTITUTION
Commonwealth of Pennsylvania
vs
Firm, Ke

**Type or Print Legibly**

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS

NOTE: Additional supply of this form available at above address

[ ] DC 300B (Part II) attached

| DATE OF BIRTH | | |
|---|---|---|
| 7-4-71 | | |

COUNTY/MAGISTERIAL DISTRICT: Dauphin

COURT OF INITIAL JURISDICTION [ ]   COMMON PLEAS [X]

COURT NUMBER: 90 CD 1983

DATE-TERM: 8-14-91

The above defendant after [X] pleading guilty  [ ] nolo contendere  [ ] being found guilty  was on 8-14-91, 19___ sentenced by Judge/District Justice Morrison to a term of not less than 1 years 6 months ___ days nor more than 3 years ___ months ___ days, or ___ for the offense of Unl. Delivery

(Section 780-113 of the Crimes Code) or (other statute)

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the Dauphin County Prison facility located at 501 Mall Road Hbg., Pa. 17111

| FINE AMOUNT $ 100.00 | COSTS AMOUNT $ N/A | RESTITUTION NO |
|---|---|---|
| To Be Paid To [X] COUNTY [ ] COMMONWEALTH | To Be Paid By [ ] COUNTY [ ] DEFENDANT | |

Credit for time served from 4-21-83 to 5-9-83 (18 Days) and 10-18-83 to 12-6-83 (50 Days) and 5-3-91 to 8-14-91 (104 Days)

EFFECTIVE DATE OF SENTENCE: 8-14-91

DISTRICT ATTORNEY: Kleinfelter
DEFENSE ATTORNEY: Brenton
_____: T. Klyn

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

In witness whereof I have hereunto set my hand and seal of said court, this 30th day of March 19 92

_____
AUTHORIZED SIGNATURE                    KL

te 180 is hereby Granted to prevent the prejudice which might result from placing before a jury charges which appear to be invalid.

* October 19, 1983 - Defendant Preliminary Post Trial Motion filed

* OCT 17 1983 - Pre-Trial Motions Hearing - Motion Granted. Motion for Mistrial - Denied.

Morrison
Kleinfelter
Gilli
* OCT 17 1983
_____ 19__, Defendant having been arraigned in open Court pleads not guilty, whereupon trial ordered, jury called, came twelve good and lawful men and women all of Dauphin County, whom having been sworn or affirmed according to law do say:—
OCT 18 1983   19__, that they find the defendant Guilty

Bail raised to $25,000

Morrison  October 25, 1983 - Order of Court filed. Notes of Testimony to be transcribed. Defendant given 30 days to file additional post trial.
October 31, 1983 - Motion to dismiss general indictment with prejudice filed.

Morrison
Kleinfelter
Pr. 2, III
November 22, 1983 - Transcript of Proceedings before the Honorable Judge Clarence C. Morrison of 10-17-83 in Dauphin County Court House lodged.
November 30, 1983 - Defendant's Supplemental Post-Trial Motions filed.
December 6, 1983 - Bail was posted for the above deft. in the amount of $15,000 for this charge only. An additional 10,000 was posted on another case number. (Total 25,000 bail.) Willie Jacobs of 627 N. 18th St. Hbg. Pa. posted the bail & deft. was released from D.C.P. (also 50 N. 2nd St. & 744 N. 18th St. Hbg. Pa.) Inquests

Morrison  JAN 6 1984 - Transcript of Proceedings of Oct. 17, 1983, filed.
Feb. 9, 1984 - Brief In Support of Defendant's Post-Trial Motions, filed.
May 2, 1984 - Commonwealth Brief Post Trial Motions filed.
May 8, 1984 - Order of Court filed. Argument on Post Trial Motion to be heard May 21, 1984 at 1:30 P.M. Courtroom #3
September 20, 1984 - Opinion and Order of Court filed. Defendant to be sentenced.

Morrison  September 28, 1984 - Request For Pre-Sentence Investigation Report, filed.

DEC 19 1984 CAPIAS AWARDED & ISSUED, FORFEIT BAIL

May 3, 1991 - N.O. Copias Lodged as Detainer
June 20, 1991 - Motion To Dismiss, filed.
6-20-91 - Continuance to Aug 5, 1991. Rule 1100 waived

DC 300B (PART 1)

CORRECTED COMMITMENT
COURT COMMITMENT
STATE OR COUNTY CORRECTIONAL INSTITUTION

Commonwealth of Pennsylvania
vs.
Firy, ke

Type or Print Legibly

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

NOTE: Additional supply of this form available at above address

[ ] DC 300B (Part II) attached

| COURT OF INITIAL JURISDICTION | [ ] | COMMON PLEAS | [X] |

DATE OF BIRTH: 7-5-70

County: Dauphin

COURT NUMBER: 90 CD 1983    DATE TERM: 8-14-91

The above defendant after [X] pleading guilty  [ ] nolo contendre  [ ] being found guilty was on 8-14-91, 19__ sentenced by Judge/District Justice Morrison to a term of not less than 1 years 6 months ___ days nor more than 3 years ___ months ___ days, or ___

for the offense of Unl. Delivery

(Section 780-113 of the Crimes Code) or (other statute)

It is further ordered that the said defendant be delivered by the proper authority to and treated as the law directs at the Dauphin County Prison facility located at 501 Mall Road Hbg., Pa. 17111

| FINE AMOUNT $100.00 | COSTS AMOUNT $ N/A | RESTITUTION NO |
| To Be Paid To [X] COUNTY [ ] COMMONWEALTH | To Be Paid By [ ] COUNTY [ ] DEFENDANT | |

Credit for time served from 4-21-83 to 5-9-83 (18 Days) and 10-18-83 to 12-6-83 (50 Days) and 5-3-91 to 8-14-91 (104 Days)

EFFECTIVE DATE OF SENTENCE: 8-14-91

DISTRICT ATTORNEY: Kleinfelter
DEFENSE ATTORNEY: Brenton
COURT REPORTER: L. Eliss

(THIS BLOCK NOT TO BE USED FOR INCARCERATION OFFENSE)

In witness, whereof I have hereunto set my hand and seal of said court, this 30th day of March, 19 92.

AUTHORIZED SIGNATURE

## PROOF OF SERVICE

I, the undersigned, verify that I have served a copy of this petition and any attachments thereof by U.S. mail to the following parties at the below listed addresses:

United States District Court
Middle District of Pennsylvania
Federal Building
Harrisburg, PA 17108

Office of the Attorney General
Attorney General: Mike Fisher
16th Floor, Strawberry Square
Harrisburg, PA 17120

Raymond Colleran
Superintendent
S.C.I Waymart
P.O. Box 256
RR #6
Waymart, PA 18472

Dated: 7-17-2000

Respectfully submitted,

*Joel King*
S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256