

FILED
HARRISBURG

NOV 21 2000

MARY E. D'ANDREA, CLERK
Per_____
　　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOE KING,
　　Petitioner

vs.　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:CV-00-1389
　　　　　　　　　　　　　　　　　　　(Judge Rambo)

RAYMOND COLLERAN, Superintendent,
and ATTORNEY GENERAL OF
PENNSYLVANIA,
　　Respondents

**RESPONDENTS' ANSWER TO PETITION
FOR WRIT OF HABEAS CORPUS**

TO THE HONORABLE SYLVIA H. RAMBO, JUDGE OF SAID COURT:

　　AND NOW, comes Edward M. Marsico, Jr., District Attorney of Dauphin County, by Francis T. Chardo, Chief Deputy District Attorney, who, on behalf of the Respondents, files this answer to the petition for writ of habeas corpus, and in support thereof, avers the following:

On September 12, 1996, a jury empanelled before the Dauphin County Court of Common Pleas convicted the Petitioner of aggravated assault. On May 13, 1996, King filed a pro se petition under the Post Conviction Relief Act (PCRA). As it had been filed prior to sentencing, the trial court dismissed it on May 14, 1996. On May 16, 1996, the Honorable Joseph H. Kleinfelter sentenced King to a term of imprisonment of not less than eight nor more than twenty years.[1] The Petitioner did not file a direct appeal to the Superior Court of Pennsylvania. On November 5, 1998, King filed a petition for allowance of appeal nunc pro tunc. The trial court denied the petition on November 12, 1998, but appointed PCRA counsel to aid King in the filing of a petition for collateral relief.

On December 15, 1998, King filed a counseled, supplemental PCRA petition, which was amended on February 18, 1999. On April 23, 1999, the PCRA court conducted an evidentiary hearing. (See Transcript of Evidentiary Hearing at Appendix "A"). Judge Kleinfelter denied the PCRA petition on July 16, 1999. (See Opinion at Appendix "B").

On appeal from the denial of PCRA relief, King raised the following claims:

> 1. Did the trial court err in failing to find that trial counsel was required to file a notice of appeal on behalf

---

[1] The transcripts of the jury trial of March 11 through 12, 1996, and the sentencing hearing of May 16, 1996, are available and will be provided to the court upon request.

>of the appellant in order to protect the appellant's appeal rights?
>
>2. Was trial counsel ineffective for failing to appeal the sufficiency of the evidence of the appellant's conviction?
>
>3. Was trial counsel ineffective for failing to object to the direct testimony of Commonwealth witness Ida Foltz that she had a Protection From Abuse Act Order entered against the appellant prior to the commission of the underlying offense? (See Appellant's Brief at Appendix "C").

On April 27, 2000, the Superior Court of Pennsylvania affirmed the denial of PCRA relief. (See Superior Court Opinion at Appendix "D"). The Superior Court did not reach the merits of the claims but affirmed on the basis that the PCRA petition was untimely. On May 25, 2000, King filed a petition for allowance of appeal in the Supreme Court of Pennsylvania. The Pennsylvania Supreme Court denied the petition on August 20, 2000.

On August 7, 2000, King filed the instant petition for writ of habeas corpus. In his petition, King raises the following claims:

>**A.** The petitioner's trial occurred in violation of Rule 1100 of the Pennsylvania Rules of Criminal Procedure relating to speedy trial;
>
>**B.** Trial counsel was ineffective for failing to file a motion under Rule 1100;
>
>**C.** Trial counsel was ineffective for failing to file an appeal following King's conviction;

3

**D.** The trial judge had a conflict of interest with the petitioner.

In claim "A" raised in the instant petition, the Petitioner alleges a violation of his speedy trial rights under the Pennsylvania Rules of Criminal Procedure. The writ of habeas corpus cannot be granted for a violation of state law. Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990). Because King fails to allege any violation of the Constitution, laws or treaties of the United States, claim "A" must be dismissed.

The entire petition for writ of habeas corpus must be dismissed as it is time barred.[2] Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 revised 28 U.S.C. §2244 to include a one-year statute of limitations on petitions for writ of habeas corpus.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation

---

[2] The Respondents have not yet answered the Petitioner's substantive claims in light of the statute of limitations. The Respondents will answer the substantive claims in the event that this Honorable Court declines the request to dismiss. The Respondents reserve the right to invoke the deferential review standard of 28 U.S.C. §2254(d).

4

>of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d). Sentencing occurred on May 16, 1996. King had thirty days to file an appeal to the Superior Court of Pennsylvania. Having failed to do so, his state judgment became final on June 15, 1996. The deadline for filing the petition for writ of habeas corpus, absent time excludable under Section 2244(d)(2), was June 15, 1997. Between June 15, 1996, and June 15, 1997, there was no pending application for post conviction relief. The Petitioner has not alleged any of the exceptions under Section 2244(d)(1) apply. Accordingly, the instant petition is barred by Section 2244(d) and must be dismissed.

Aside from the time bar, the Petitioner has procedurally defaulted all of his claims.

5

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L.Ed.2d 640, ___ (1991). Citing 42 Pa.C.S. §9545, the Superior Court refused to reach the merits of federal claim "C". The court found that King had failed to file his PCRA petition in a timely manner. Since Section 9545 represents an independent and adequate state procedural rule, the claim must be dismissed unless the petitioner can show cause for the default and actual prejudice or show that a fundamental miscarriage of justice will result if the claim is not addressed.

King has only addressed federal claim "C" to the Pennsylvania appellate courts. The remaining claims have never been addressed to the Pennsylvania Supreme Court or the Pennsylvania Superior Court. Ordinarily, a petition which contains both exhausted and unexhausted claims must be dismissed without prejudice to give the petitioner the opportunity to exhaust or forego the unexhausted claims. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982).

> A petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under Rose. Although

6

> the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted.

Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1983). Petitions under the PCRA are the sole means of obtaining collateral relief under Pennsylvania law. 42 Pa.C.S. §9542. A second PCRA petition by King will be barred by the statute of limitations, just as claim "C" was barred.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the Appellant proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the Appellant and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period in this section and has been held by that court to apply retroactively.
>
> * * *
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review,

7

including discretionary review in the Supreme Court of
the United States and the Supreme Court of
Pennsylvania, or at the expiration of time for seeking the
review.

42 Pa.C.S. §9545(b). Since King would necessarily be aware of the facts giving rise to these claims, none of the exceptions to the state statute of limitations apply. Under 42 Pa.C.S. §9545(b), a future PCRA petition would be barred. Absent a showing of cause and prejudice or a fundamental miscarriage of justice, habeas corpus relief on all of the Petitioner's claims is barred.

    WHEREFORE, the Respondents respectfully request that this Honorable Court dismiss the petition for writ of habeas corpus with prejudice.

    Respectfully submitted,

*[signature]*

Francis T. Chardo
Chief Deputy District Attorney

## **VERIFICATION**

I verify that the facts contained in the above pleading are true and correct to the best of my knowledge, information and belief. I understand the facts herein are verified subject to the penalties for unsworn falsification to authorities under Crimes Code, Section 4904 (18 Pa.C.S. §4904).

_____
Francis T. Chardo
Chief Deputy District Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOE KING,
    Petitioner

vs.

CIVIL ACTION NO. 1:CV-00-1389
(Judge Rambo)

RAYMOND COLLERAN, Superintendent,
and ATTORNEY GENERAL OF
PENNSYLVANIA,
    Respondents

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the Respondents' Answer to Petition for Writ of Habeas Corpus in the above-captioned matter was sent, on the below stated dated, to the Petitioner, Joe King, CZ-9499, at the State Correctional Institution at Waymart, P.O. Box 256, Waymart, Pennsylvania 18472.

_____
Francis T. Chardo
Chief Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, Pennsylvania 17101
(717) 255-2770
Attorney for Respondents

Dated: November 21, 2000