IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE KING,<br><br>    Petitioner,<br><br>    v.<br><br>RAYMOND COLLERAN,<br>Superintendent; and ATTORNEY<br>GENERAL OF PENNSYLVANIA,<br><br>    Respondents. | CIVIL ACTION NO. 1:CV-00-1389<br><br>FILED<br>HARRISBURG, PA<br><br>DEC 28 2000<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

### MEMORANDUM and ORDER

Joe King, an inmate presently confined at the State Correctional Institution, Waymart, Pennsylvania, ("SCI-Waymart"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an application to proceed in forma pauperis on August 7, 2000. Named as Respondents are SCI-Waymart Superintendent Raymond Colleran and the Attorney General of Pennsylvania. The issues have been briefed, and the petition for writ of habeas corpus is ripe for disposition.

I.    **Background**

On March 12, 1996, a jury in the Dauphin County Court of Common Pleas convicted Petitioner of aggravated assault. On May 16, 1996, Petitioner was sentenced to a prison term of eight to twenty years. Prior to sentencing, on May 13, 1996, Petitioner filed an untimely petition under the Post Conviction Relief Act ("PCRA"), which was denied by the Common Pleas Court on May 14, 1996. Petitioner did not file a direct appeal, but on November 5, 1998, he filed a petition

for allowance of a nunc pro tunc appeal which was denied as untimely by the Common Pleas Court on November 12, 1998.

On December 15, 1998, Petitioner, through court-appointed counsel, filed a second PCRA petition. The Common Pleas Court conducted an evidentiary hearing on April 23, 1999, and subsequently denied the petition on July 16, 1999. Petitioner appealed the denial of his PCRA petition to the Superior Court of Pennsylvania, which affirmed the denial on April 27, 2000. On May 25, 2000, Petitioner filed a petition for allowance of appeal in the Supreme Court of Pennsylvania which was denied on August 20, 2000.

Petitioner filed his petition for writ of habeas corpus on August 7, 2000, and an amended petition on September 28, 2000. On October 4, 2000, the court granted Petitioner leave to proceed in forma pauperis, and ordered Respondents to show cause why the writ of habeas corpus should not be granted. A response was filed on November 21, 2000, and Petitioner filed a reply brief on December 19, 2000.

## II.    Discussion

Respondents assert that the petition for writ of habeas corpus should be denied as untimely because it was filed beyond the one year statute of limitations provided by 28 U.S.C. § 2244. In relevant part, § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was sentenced on May 16, 1996. From that point, Petitioner had thirty days to file a direct appeal to the Superior Court of Pennsylvania. Because Petitioner did not file a direct appeal, his state judgment became final on June 15, 1996. Therefore, according to § 2244(d), the deadline for filing a petition for writ of habeas corpus was June 15, 1997. Accordingly, Petitioner's August 7, 2000 petition for writ of habeas corpus is beyond the statute of limitations. Petitioner has not argued or demonstrated that there was a pending PCRA petition or any other action which would have tolled the limitations period, during the time period between June 15, 1996, and June 15, 1997.

Petitioner's only argument in response to Respondents' statute of limitations defense is wholly unpersuasive. Petitioner contends that his criminal case concluded with the jury verdict on March 12, 1996, and because § 2244 did not go into effect until April 24, 1996, it should not apply to his case. However, this is incorrect on both counts. First, according to § 2244, because Petitioner has not alleged that any of the exceptions under § 2244(d)(1) apply, the date at which time Petitioner's limitation period began to run was June 15, 1996, "the date on which the judgment became final by the conclusion of direct review or the expiration of the

3

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Second, even if Petitioner's state court judgment had been prior to the effective date of § 2244, courts have allowed only a one year grace period from the effective date to file a petition for writ of habeas corpus. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).  Therefore, Petitioner would have had to file his petition for writ of habeas corpus by April 24, 1997, which is even earlier than he was required to using the correct accrual date of June 15, 1996. Accordingly, the petition for writ of habeas corpus will be denied as untimely.

II      Order

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1. Joe King's petition for writ of habeas corpus is **DENIED**.
2. The clerk of court is directed to close the file of the case.

SYLVIA H. RAMBO
United States District Judge

Dated: December 28, 2000.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

December 28, 2000

Re:  1:00-cv-01389   King v. Attorney General of

True and correct copies of the attached were mailed by the clerk to the following:

Joe King
SCI-WAYMART
CZ-9499
P.O. Box 256
Route 6
Waymart, PA  18472-0256

Francis T. Chardo II, Esq.
Dauphin County District Attorney's Office
Front & Market Sts.
Harrisburg, PA  17101

```
cc:
Judge                           (X) Rambo
Magistrate Judge                ( )
U.S. Marshal                    ( )
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   (X)
Federal Public Defender         ( )
Summons Issued                  ( )  with N/C attached to complt. and served by:
                                     U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5             ( )
Order to Show Cause             ( )  with Petition attached & mailed certified mail
                                     to:  US Atty Gen  ( )   PA Atty Gen ( )
                                          DA of County ( )   Respondents ( )

Bankruptcy Court                ( )
Other_____      ( )
```

MARY E. D'ANDREA, Clerk

DATE: December 27th, 2000                    BY: _____
                                                  Deputy Clerk